UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**HEATHER KRAFT,**
on behalf of herself
and others similarly situated,
                Plaintiff,

Case No.

v.

Hon.

**GONGOS, INC.,**
**GONGOS RESEARCH, INC.,**
and **DEBRA POMORSKI,**
                Defendants.

---

**GOLD STAR LAW, P.C.**
**Maia Johnson Braun (P40533)**
**Caitlin E. Malhiot (P76606)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, MI 48084
(248) 275-5200
*mjohnson@goldstarlaw.com*
*cmalhiot@goldstarlaw.com*

---

### PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Plaintiff, Heather Kraft, through her attorneys, Gold Star Law, P.C., for her Collective Action Complaint state:

### PRELIMINARY STATEMENT

1. Plaintiff Heather Kraft, and the employees she seeks to represent are employees and former employees of Gongos, Inc., Gongos Research, Inc., and

Debra Pomorski (collectively "Defendants"), who worked as research coordinators for Defendants.

    2.    Plaintiff and the employees she seeks to represent were all compensated on a salary basis.

    3.    Defendants required or permitted Plaintiff to work in excess of 40 hours per week, but failed to compensate Plaintiff at a rate of 1 ½ times her regular rate of pay for hours worked in excess of 40 per week, despite the fact that Plaintiff was a non-exempt employee under the Fair Labor Standards Act of 1938 ("FLSA").

    4.    Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for overtime work at the FLSA mandated overtime wage rate. 29 U.S.C. § 207(a).

    5.    Defendants likewise do not pay proper overtime to other similarly situated employees. Plaintiff brings a collective action to recover unpaid overtime compensation owed to her and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the collective action are hereinafter referred to as "Class Members."

## PARTIES, JURISDICTION AND VENUE

    6.    Plaintiff Heather Kraft ("Kraft") is an individual residing in Milford, Oakland County, Michigan.

7. Defendants employed Kraft from September, 2016 until December 22, 2017.

8. Kraft worked as a research coordinator for Defendants from December 12, 2016 until December 22, 2017.

9. Defendant Gongos, Inc. is a Michigan profit corporation with its place of business in Auburn Hills, Oakland County, Michigan.

10. Defendant Gongos Research, Inc. is a Michigan profit corporation with its place of business in Auburn Hills, Oakland County, Michigan.

11. Defendant, Debra Pomorski, is the Resident Agent and Vice President of Finance and Administration for Defendant corporations, and is an individual conducting business in Auburn Hills, Oakland County, Michigan.

12. This action arises under the FLSA 29 U.S.C. § 201, *et seq*., and jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

13. Defendants reside within this judicial district and the claims asserted in this action arose within this district. Venue is proper in this Court pursuant to 28 § U.S.C. 1391.

## COVERAGE

14. Defendants are "employers" within the coverage of the FLSA. 29 U.S.C. § 203(d).

15. Plaintiff and Class Members are "employees" within the coverage of the FLSA. 29 U.S.C. § 203(e).

16. Defendants are an enterprise engaged in commerce as defined by the FLSA and have revenues in excess of $500,000.00 per year. 29 U.S.C. § 203(s).

17. Defendants controlled the hours to be worked by and the compensation of Plaintiff and Class Members.

## FACTUAL ALLEGATIONS

18. Defendant Gongos, Inc. is a business which provides research services to its clients.

19. Defendant Gongos Research, Inc. is a business which provides research services to its clients.

20. Upon information and belief, Defendant Gongos, Inc. is a successor to Defendant Gongos Research, Inc.

21. Defendant Gongos, Inc. conducts business under the assumed name of Gongos Research, Inc.

22. Defendant Gongos Research, Inc. conducts business under the assumed name of Gongos, Inc.

23. Kraft was employed as a research coordinator during the 3 years preceding the date of filing of this Complaint (the "relevant employment period").

4

24. Research coordinators are responsible for suggesting research approaches based on clients' needs, aiding in creating proposals, developing questionnaires with supervised approval, proofreading proposals, reports, and presentations for grammar and formatting, assisting with recruitment management, formatting PowerPoint reports, charts and graphs, and aiding in presenting findings to clients.

25. At Gongos Research, the position of "research coordinator" requires a Bachelor's degree, but does not require that the degree be in any particular field of science or learning.

26. Upon information and belief, the position of "research coordinator" does not require specialized academic training in a particular field as a standard prerequisite for entrance into the profession.

27. Upon information and belief, employees working for Defendants as research coordinators had degrees in a wide variety of fields, including business, social sciences, hard sciences, and foreign language.

28. The position of "research coordinator" is not related to the management or general business operations of Defendants' company.

29. The position of "research coordinator" does not include the exercise of independent judgment with respect to matters of significance.

30. The position of "research coordinator" does not involve the supervision of at least two full-time employees or their equivalents.

31. While employed as a research coordinator, Kraft was compensated on a salary basis.

32. From December 12, 2016 until approximately June 2017, Kraft's annual salary was $50,000.00, giving Kraft an effective weekly salary of $961.54.

33. From approximately June 2017 until December 22, 2017, Kraft's annual salary was $51,500.00, giving Kraft an effective weekly salary of $990.38.

34. Kraft worked approximately 40-55 hours per week, but averaged 50 hours per week.

35. As a research coordinator, Defendants did not compensate Kraft 1 ½ times her effective rate of pay for hours worked in excess of 40 hours per week.

36. Kraft was not exempt from the overtime pay requirements of the FLSA.

37. All hours worked by Kraft, including overtime hours, were worked at the direction and with the sufferance of Defendants.

38. Defendants' failure to pay overtime in violation of the FLSA was willful, with knowledge, or with reckless disregard of the statutory overtime requirements.

## COLLECTIVE ACTION ALLEGATIONS

39.    Kraft has actual knowledge that Class Members have also been denied overtime pay for hours worked over 40 hours per workweek. That is, Kraft worked with other research coordinators of Defendants who were not paid at 1 ½ times their rate of pay when those hours exceeded 40 hours per workweek.

40.    Other employees similarly situated to Kraft work or have worked for Defendants, but were not paid at 1 ½ times their rate of pay when those hours exceeded 40 hours per workweek.

41.    Although Defendants permitted or required Class Members to work more than 40 hours per week, Defendants have denied them proper overtime compensation for hours worked in excess of 40 in a week.

42.    Class Members perform or have performed the same or similar work as Kraft.

43.    Class Members regularly work or have worked in excess of 40 hours during a workweek.

44.    Class Members are not exempt from receiving overtime under the FLSA.

45.    As such, Class Members are similar to Kraft in terms of job duties, pay structure, and the denial of overtime wage.

46. Defendant's failure to pay overtime compensation at the wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Class Members.

47. The experiences of Kraft, with respect to her pay, are typical of the experiences of the Class Members.

48. The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

49. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess 40 during a workweek.

50. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all Class Members. Plaintiffs bring their FLSA claims as a collective action on behalf of the following class:

> **All current and former persons employed as research coordinators by Defendants throughout Michigan who worked for at least one week in excess of 40 hours but were not compensated overtime, or 1 ½ times their rate of pay, for hours worked in excess of 40 hours per week, during the period from 3 years prior to the filing of this complaint to the present.**

8

## CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

51.   Plaintiff and Class Members incorporate the allegations in the foregoing paragraphs as if fully stated herein.

52.   Defendants violated the FLSA by failing to pay Kraft and Class Members at a rate of 1 ½ times their regular rate of pay for hours worked in excess of 40 hours per week. 29 U.S.C. § 207(a).

53.   None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime are applicable to Defendants or Kraft and Class Members.

54.   An employer who violates the FLSA is liable to the employee for the difference between the amount paid to the employee and the amount that, but for the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees. 29 U.S.C. § 216(b).

55.   As a direct and proximate cause of Defendants' violation of the FLSA Kraft and Class Members have sustained damages in the form of unpaid overtime compensation, in an amount to be proven at trial.

56.   Kraft and Class Members are entitled to recover their unpaid overtime compensation.

57.   Kraft and Class Members are entitled to an amount equal to all of their unpaid overtime wages as liquidated damages.  29 U.S.C. § 216(b).

58. Kraft and Class Members are entitled to recover attorney fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff Heather Kraft and the employees she seeks to represent request that this Court enter judgment awarding the following relief:

a. Unpaid overtime compensation for all hours work in excess of forty 40 per week at the applicable time and a half rate;

b. An amount equal to the unpaid overtime compensation as liquidated damages;

c. Reasonable attorney fees, costs and expenses of the action;

d. An order requiring Defendant to correct its pay practices going forward; and

e. Such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

  */s/  Caitlin E. Malhiot*
**Maia Johnson Braun (P40533)**
**Caitlin E. Malhiot (P76606)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, MI 48084
(248) 275-5200

Dated: March 6, 2018