UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER KRAFT,

    Plaintiff,

v.

    Case No. 18-10745
    HON. VICTORIA A. ROBERTS

GONGOS, INC.,
GONGOS RESEARCH, INC.,
and DEBRA POMORSKI,

    Defendants.
_____/

# ORDER AND OPINION DENYING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF A FLSA COLLECTIVE ACTION AND FOR AN ORDER FOR NOTICE TO THE CLASS [Doc. #18]

## I. INTRODUCTION

Plaintiff Heather Kraft ("Kraft") is a former employee of Defendants Gongos, Inc., Gongos Research, Inc., and Debra Pomorski ("Defendants"). She says she and others who were employed as Research Coordinators for Defendants were not properly compensated for overtime work as required under the Fair Labor Standards Act ("FLSA"). Plaintiff says she has met her burden to make a modest factual showing that she is similarly situated to other potential plaintiffs - enough to warrant conditional certification of a collective action under FLSA.

The Court disagrees and **DENIES** Kraft's Motion.

## II. LEGAL STANDARD

The Fair Labor Standards Act ("FLSA") requires employers to pay time-and-a-half for nonexempt employees who work more than forty hours per week. 29 U.S.C. § 207;

1

*Comer v. Wal-Mart Stores, Inc.,* 454 F. 3d 544, 545 (6th Cir. 2006). Under FLSA, employees have the right to collectively sue for violations on behalf of themselves and other employees similarly situated. 29 U.S.C. § 216(b); *Monroe v. FTS USA, LLC,* 815 F,3d 1000 (6th Cir. 2016); *Comer v. Wal-Mart Stores, Inc.,* 454 F.3d 544, 546 (6th Cir. 2006). To proceed with a representative action, two requirements must be met: (1) plaintiffs must be "similarly situated"; and (2) all plaintiffs must affirmatively consent in writing to participate. 29 U.S.C. § 216(b); *Comer,* 454 F.3d at 546.

Neither FLSA nor the Sixth Circuit defines the phrase "similarly situated," but the determination typically occurs in two stages. The first stage, also called the "notice stage," takes place at the beginning of discovery. It involves conditional certification for notice purposes so plaintiffs can opt-in to the suit.

At this first stage, the Court determines whether a plaintiff has provided sufficient evidence of "similarly situated" plaintiffs to warrant sending notice to other potential plaintiffs. *Comer,* 454 F.3d at 546. A named plaintiff "can show that the potential claimants are similarly situated 'by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Olivo v. GMAC Mortg. Corp.,* 374 F.Supp.2d 545, 548 (E.D.Mich. 2004). Plaintiffs must show only that their "position is similar, not identical, to the positions held by the putative class members." *Comer,* 454 F.3d at 546-47 (quoting *Pritchard v. Dent Wizard Int'l Corp.,* 210 F.R.D., 591, 595 (S.D.Ohio 2002)). "This initial standard is fairly lenient, and in order to meet this standard, Plaintiffs must simply submit evidence establishing at least a colorable basis for their claim that a class of 'similarly situated' plaintiffs exists." *Olivo v. GMAC Mortgage Corp.,* 374 F.Supp.2d 545, 548 (E.D.Mich.

2004). "At this stage, courts consider factors such as whether potential plaintiffs have been identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread unlawful policy or plan has been submitted." *Sutka v. Yazaki North America, Inc.,* 2018 WL 1255767 slip op. at 8 (E.D.Mich. Mar. 12, 2018) (quoting *Anderson v. P.F. Chang's China Bistro, Inc.,* No. 16-14182, 2017 WL 3616475, at *7) (citing *Olivo,* 374 F.Supp.2d at 548).

### III. DISCUSSION

Kraft asks the Court to conditionally certify a class of:

> All current and former employees of Defendants Gongos, Inc., Gongos Research Inc., and Debra Pomorski, who worked as Research Coordinators and who worked hours in excess of forty per week but were not paid 1 ½ times their regular rate for overtime hours.

Plaintiff's Motion. [Doc. #18].

Kraft's primary support for conditional certification is her single declaration in which she says that Defendants paid her on a salary basis and that she "regularly worked more than 40 hours per week and was not paid one and one half times [her] regular rate of pay for all hours worked over 40 in a week." Declaration of Heather Kraft, ¶ 3. She says she is "personally aware of other individuals employed by Defendants as research coordinators, who performed similar job duties, who were compensated on a salary basis, and were not paid one and one half times their regular rate of pay for overtime hours." *Id.*, at ¶ 13. Kraft says her declaration and the pleadings show a single policy articulated by Defendants that does not properly pay time and a half for overtime hours in violation of FLSA.

3

Defendants oppose Kraft's request. They argue conditional certification is inappropriate for two reasons: 1) Kraft's conclusory allegations do not show she is similarly situated with other Research Coordinators by way of a common policy or plan which violates FLSA; and 2) Kraft has not shown her alleged job responsibilities are similarly situated with other Research Coordinators, whom Defendants say fall under the learned professional exemption under FLSA.

**1. Consideration of Learned Professional Exemption is Inappropriate At This Stage**

Defendants present declarations from five Research Coordinators to show they worked in a "bona fide . . . professional capacity" which exempts them under FLSA. 29 U.S.C. § 231(a)(1). Defendants say Kraft has not shown she is similarly situated to these Research Coordinators by way of her specific job duties.

It is inappropriate for the Court to consider whether the Research Coordinator position falls under an exemption at this stage. "Courts considering whether an exemption applies typically do so . . . after some discovery on the issue." *Killion v. KeHE Distrib.,* Nos. 3:12 CV 470, 3:12 CV 1585, 2012 WL 5385190, at *4 (N.D.Ohio Oct. 31, 2012). At this first stage, "a district court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility." *Waggoner v. U.S. Bancorp,* 110 F.Supp.3d 759, 765 (N.D.Ohio, 2015) (citing *Swigart v. Fifth Third Bank,* 276 F.R.D. 210, 214 (S.D.Ohio 2011)).

The Court declines to resolve this dispute at this stage. While some cases in this district have decided whether an exemption applies at an early stage, *see Olivo v. GMAC Mortg. Corp.,* 374 F.Supp.2d 545 (E.D.Mich. 2004), those cases involved more discovery than what the parties have conducted in this case. In *Olivo,* the Court provided the parties

with "an initial period of time whereby the parties would conduct discovery as to whether this action should proceed as a 'collective action.'" 374 F.Supp.2d at 546. While the parties in this action have conducted some discovery, there is not enough in the record to warrant a fact-bound determination at this juncture.

### 2. Plaintiff Kraft Has Not Met Her Burden for Conditional Certification

Kraft says she has made "more than an adequate showing" that there is a class of similarly situated individuals based on the pleadings and her declaration. However, she does not provide declarations from any similarly situated individual. Kraft's only other evidence is her W-2, and it does not supplement her declaration sufficiently.

Conclusory allegations are insufficient to support conditional certification. 7B Wright, Miller, & Kane, Federal Practice & Procedure § 1807 (3d ed.2005) at 490-91; *see also Arrington v. Michigan Bell Telephone Co.,* No. 10-10975, 2011 WL 3319691 at *6 (E.D.Mich, Aug. 1, 2011) (denying plaintiff's motion for conditional certification because "they provide nothing more than conclusory allegations."); *Langlands v. JK & T Wings, Inc.,* No. 15-13551, 2016 WL 4073548, at *3 (E.D.Mich, Aug. 1, 2016) ("While Plaintiffs are correct that the Court does not determine the legality of the policy in question at this stage, Plaintiffs must still do more than submit conclusory allegations."). "The 'modest factual showing' cannot be satisfied simply by 'unsupported assertions,' but it should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Shipes v. Amurcon Corp.,* No. 10-14943, 2012 WL 995362, *4 (E.D.Mich, Mar. 23, 2012) (quoting *Myers v. Hertz Corp.,* 624 F.3d 537, 555 (2d Cir. 2010) (emphasis in original) (internal citations omitted)).

5

Because Defendants say Kraft's description of the proposed class "includes approximately sixty individuals," Defendants' Response [Doc. #20], Kraft relies on this admission to argue there is a policy that applies to all members of a defined class. But Kraft cannot rely on Defendants response to supplement her insufficient conclusory statements. Instead, it is Kraft's burden to show that she is similarly situated. *O'Brien v. Ed Donnelly Enters, Inc.,* 575 F.3d 567, 583 (6th Cir. 2009).

It is significant that Kraft neither provides declarations from any other interested parties, nor written consents from anyone to join the suit. "Although numbers are not dispositive, they are indicative of the likelihood that other employees classified as the plaintiffs believe that they may be similarly situated. If none other than the named plaintiffs assert an [sic] FLSA violation, there is no need to employ the procedural device of a collective action to adjudicate their dispute." *Arrington,* 2011 WL 3319691 at *5.

At her deposition, Kraft pointed to three individuals who were contacted regarding this suit. None expressed an interest in joining this action. No one who is currently a Research Coordinator with Defendants told Kraft that they want to join the lawsuit. While Plaintiff is correct that the purpose of the notice in a collective action is to notify the potential class members and give them the opportunity to join the suit, it is troubling that she cannot identify any potential plaintiffs.

Defendants persuasively cite to courts in this district that have denied conditional class certification when they have found that the evidence proffered by the individual plaintiff was "too conclusory, speculative, or scant to support a finding that the members of the proposed class were similarly situated." *Sutka v. Yazaki North America, Inc.,* 2018 WL 1255767 slip op. at 8 (E.D.Mich. Mar. 12, 2018). *See e.g., Swinney v. Amcomm*

6

*Telecommunications, Inc.,* No. 12-12925, 2013 WL 28063, at *8 (E.D.Mich. Jan. 2, 2013) (denying conditional certification where the plaintiff "offered only his declaration in support of conditional certification" as evidence and "only provided conclusory allegations in support" of the declaration); *Demorris v. Rite Way Fence, Inc.,* No. 14-13777, 2015 WL 12990483, at *3 (E.D.Mich, Mar. 30, 2015) (denying conditional certification where the plaintiff "neither identified nor provided affidavits of potential plaintiffs," but merely "assert[ed] that he has personal knowledge of other similarly situated employees who were paid on the same basis as him"); *Arrington v. Michigan Bell Telephone Co.,* No. 10-10975, 2011 WL 3319691, at *6 (E.D.Mich. Aug. 1, 2011) (denying conditional certification where plaintiffs "provide[d] nothing more than conclusory allegations," and "provided no evidence of common treatment beyond the two experiences of [plaintiffs] and their beliefs").

Despite minimal requirements, Kraft fails to meet her burden to show she is similarly situated to other potential plaintiffs.

## IV. CONCLUSION

Because Kraft provides only conclusory statements in support of her Motion, she does not make the modest factual showing necessary for conditional certification. Her Motion for Conditional Certification of a FLSA Collective Action and For An Order for Notice to the Class is **DENIED** without prejudice.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 14, 2019

7