UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER KRAFT,

      Plaintiff,                   Case No. 2:18-cv-10745

v.

                               Hon. Victoria A. Roberts

GONGOS, INC.,
GONGOS RESEARCH, INC.,
and DEBRA POMORSKI,

      Defendants.

| | |
|---|---|
| Maia Johnson Braun (P40533) | Brett A. Rendeiro (P64792) |
| Caitlin E. Malhiot (P76606) | Butzel Long, a professional corporation |
| Gold Star Law, P.C. | Attorneys for Defendants |
| Attorneys for Plaintiff | Stoneridge West |
| 2701 Troy Center Dr., Ste. 400 | 41000 Woodward Avenue |
| Troy, MI 48084 | Bloomfield Hills, MI 48304 |
| (248) 275-5200 | (248) 258-1616 |
| mjohnson@goldstarlaw.com | rendeiro@butzel.com |
| cmalhiot@goldstarlaw.com | |

## JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS CASE

Pursuant to 29 U.S.C. §216(b), Plaintiff Heather Kraft and Defendants Gongos, Inc. and Debra Pomorski, by and through their respective counsel, move to approve the parties' settlement agreement and dismiss this action with prejudice, including without limitation, all claims asserted under the Fair Labor Standards Act.

Respectfully submitted,

GOLD STAR LAW, P.C.
Attorneys for Plaintiff

Dated: August 29, 2019          By: */s/ Caitlin E. Malhiot (with permission)*
                                Maia Johnson Braun (P40533)
                                Caitlin E. Malhiot (P76606)
                                2701 Troy Center Dr., Ste. 400
                                Troy, MI 48084
                                (248) 275-5200
                                mjohnson@goldstarlaw.com
                                cmalhiot@goldstarlaw.com

BUTZEL LONG, a professional corporation
Attorneys for Defendants

Dated: August 29, 2019          By: */s/ Brett A. Rendeiro*
                                Brett A. Rendeiro (P64792)
                                Stoneridge West
                                41000 Woodward Avenue
                                Bloomfield Hills, MI  48304
                                (248) 258-1616
                                rendeiro@butzel.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER KRAFT,

      Plaintiff,                              Case No. 2:18-cv-10745

v.                                        Hon. Victoria A. Roberts

GONGOS, INC.,
GONGOS RESEARCH, INC.,
and DEBRA POMORSKI,

      Defendants.

| | |
|---|---|
| Maia Johnson Braun (P40533) | Brett A. Rendeiro (P64792) |
| Caitlin E. Malhiot (P76606) | Butzel Long, a professional corporation |
| Gold Star Law, P.C. | Attorneys for Defendants |
| Attorneys for Plaintiff | Stoneridge West |
| 2701 Troy Center Dr., Ste. 400 | 41000 Woodward Avenue |
| Troy, MI 48084 | Bloomfield Hills, MI 48304 |
| (248) 275-5200 | (248) 258-1616 |
| mjohnson@goldstarlaw.com | rendeiro@butzel.com |
| cmalhiot@goldstarlaw.com | |

## <u>BRIEF IN SUPPORT OF</u><br><u>JOINT MOTION TO APPROVE SETTLEMENT</u><br><u>AND DISMISS CASE</u>

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITIES....................................................................... ii

STATEMENT OF MOST CONTROLLING AUTHORITY............................. iii

CONCISE STATEMENT OF ISSUE PRESENTED.......................................... iv

*I.     INTRODUCTION* ....................................................................*1*

*II.    BACKGROUND* ......................................................................*1*

*III.   ARGUMENT*..........................................................................*3*

CERTIFICATE OF SERVICE ...............................................................6

# INDEX OF AUTHORITIES

## Cases

*Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982)... iii, 3
*Wolinsky v. Scholastic, Inc.* 900 F.Supp.2d 332, 335 (S.D.N.Y 2012) .................4

## Statute

Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* .............................. 1, 2, 3, 4, 5

## <u>STATEMENT OF MOST CONTROLLING AUTHORITY</u>

1.   29 U.S.C. §216(b)

2.   *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982).

## <u>CONCISE STATEMENT OF ISSUE PRESENTED</u>

1.     Whether the Court should approve the parties' settlement agreement, which is a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act?

Plaintiff says, "Yes."
Defendants say, "Yes."

## I. INTRODUCTION

This case involves Plaintiff's claim under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), in which Plaintiff alleges that Defendants failed to compensate her for all hours she worked in excess of forty hours per week. Defendants deny that Debra Pomorski was ever Plaintiff's "employer" under the FLSA (or any other statute). Defendants assert that Plaintiff was a salaried employee who was exempt from the overtime requirements of the FLSA. Defendants also dispute the number of hours Plaintiff claims to have worked. Through their respective counsel, the parties negotiated a settlement of this dispute and now seek the Court's approval of the settlement and dismissal of this case.

## II. BACKGROUND

Plaintiff filed this lawsuit on March 6, 2018 and set forth a single claim for an alleged violation of the FLSA. *See* Complaint [ECF No. 1]. Specifically, Plaintiff alleged that Defendant Gongos was her employer, and that Defendant Pomorski was also her employer under the FLSA. *See id.* at ¶ 14. Plaintiff further alleged that, during the one year period she worked for Gongos, Defendants violated the FLSA by not compensating her for all hours worked in excess of forty hours per week. *See id,* at ¶¶ 52-53. Plaintiff's Complaint seeks at least $5,375.00 in damages, an equal amount for liquidated damages and

attorney's fees and costs. *See id.* at ¶¶ 56-58; Pl. Initial Disclosures, Section (C), attached as **Exhibit A**.

Defendants denied that Debra Pomorski was Plaintiff's employer under the FLSA. *See* Def. Amended Answer, ¶ 14 [ECF No. 17]. Defendants further denied that Plaintiff is entitled to any overtime compensation under the FLSA on the basis that Plaintiff was an exempt employee who was paid on a salaried basis. *See id.* at ¶¶ 23-31, 35. Defendants argued that Plaintiff was exempt from the overtime requirements of the FLSA pursuant to 29 U.S.C. §213(a)(1) as her former position qualified under the professional and/or administrative exemptions. In support of their argument, Defendants relied on the facts that Plaintiff received a salary in excess of $455 per week, the position required Plaintiff to exercise her independent judgment and discretion with respect to matters of significance which was directly related to the Gongos' general business operations and that the position required advanced knowledge in a field of science or learning which is customarily acquired by a prolonged course of specialized intellectual instruction. *See id.* at ¶¶ 31-32; Def. Aff. Def. Nos. 14, 16-17. In addition, it is undisputed that the primary duties of Plaintiff's former position consisted of office or non-manual work. *See* Pl. Response to Request for Admission No. 5, attached as **Exhibit B**.

2

Defendants also disputed the number of "overtime" hours Plaintiff claims to have worked. Plaintiff claimed that she worked an average of 50 hours per week during her employment with Gongos. *See* Complaint, ¶ 34.   Gongos' business records, which included the hours Plaintiff reported as having worked, establish that Plaintiff averaged about 41 hours per week. *See* Def. Amended Answer, ¶ 34.   Even assuming Plaintiff could recover overtime pay from Gongos, Defendants assert that the overtime pay would total $1,931.25 at most, not including Plaintiff's claim for liquidated damages and attorney's fees.

In light of their dispute, the parties and their respective counsel engaged in informal mediation which eventually resulted in a settlement of their dispute. The parties negotiated the terms of a settlement agreement, a copy of which is attached as **Exhibit C**. Pursuant to the terms of the settlement agreement, Plaintiff will receive a total settlement payment of $11,750.00, with $6,608.65 allocated to wages; and $5,141.35 in attorneys' fees and costs.

### III. ARGUMENT

The determination of a motion to approve a settlement of an action under the FLSA turns on whether the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA. *See Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1355 (11th Cir. 1982). The factors the Court should consider include:  (i) the plaintiff's range of possible recovery; (ii) the extent to which

3

the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (iii) the seriousness of the litigation risks faced by the parties; (iv) whether the agreement is the product of arm's length bargaining between experienced counsel; and (v) the possibility of fraud or collusion. *See Wolinsky v. Scholastic, Inc.* 900 F.Supp.2d 332, 335 (S.D.N.Y 2012).

The consideration of these factors weigh in favor of approving the settlement in this action. The range of potential recovery for the Plaintiff ranges from no recovery up to $1,931.25 (based on Gongos' business records or $5,375.00 (based on Plaintiff's Initial Disclosures), plus the possibility of liquidated damages in an equal amount. Given that this settlement was negotiated during discovery, the parties will avoid the anticipated burdens and expenses in establishing their respective claims and defenses. Both sides face serious litigation risks — Plaintiff may be determined to be an exempt employee, in which case she would not make any recovery. On the other hand, if Plaintiff is not determined to be exempt under the FLSA, Gongos may be found to have liability to her. The agreement reached between the parties is the result of on-going negotiations between the parties' counsel over the course of several months. Finally, there is not even a suggestion of any fraud or collusion which would taint the parties' settlement.

4

Because the parties' settlement agreement resolves a bona fide dispute under the FLSA, the parties respectfully request that the Court approve the settlement agreement and dismiss this case with prejudice and without costs or fees to any party.

Respectfully submitted,

GOLD STAR LAW, P.C.
Attorneys for Plaintiff

Dated: August 29, 2019    By: */s/ Caitlin E. Malhiot (with permission)*
Maia Johnson Braun (P40533)
Caitlin E. Malhiot (P76606)
2701 Troy Center Dr., Ste. 400
Troy, MI 48084
(248) 275-5200
mjohnson@goldstarlaw.com
cmalhiot@goldstarlaw.com

BUTZEL LONG, a professional corporation
Attorneys for Defendants

Dated: August 29, 2019    By: */s/ Brett A. Rendeiro*
Brett A. Rendeiro (P64792)
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, MI  48304
(248) 258-1616
rendeiro@butzel.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 29, 2019, I caused the foregoing documents to be electronically filed with the Clerk of the Court using the ECF System, which will send notification of such filing to all counsel of record.

By: */s/ Brett A. Rendeiro*
Brett A. Rendeiro (P64792)
Attorneys for Defendants
Butzel Long, a professional corporation
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, MI  48304
(248) 258-1616
rendeiro@butzel.com

6